IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WISSAM T. HAMMOUD,

                                                                          OPINION and ORDER

                Petitioner,

                                                                          09-cv-778-bbc

     v.

C. HOLINKA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Wissam T. Hammoud is a prisoner confined at the Federal Correctional Institution in Terre Haute, Indiana. (When he filed this action on December 29, 2009, he was confined at the Federal Correctional Institution in Oxford, Wisconsin.) He has submitted pleadings on forms designed for use by prisoners seeking habeas corpus relief under 28 U.S.C. § 2241. Preliminary review of petitioner's pleadings shows that he is challenging his transfer on the grounds that the transfer (1) is a form of retaliation for his filing complaints; (2) violates his Eighth Amendment rights by exposing him to a substantial risk of serious harm; (3) violates bureau policies in some unmentioned way; and (4) will cause hardship on petitioner by moving him away from his family (he expects to be relocated to Colorado, and would prefer to be placed in Michigan or Minnesota).

      These are not claims petitioner can raise in a habeas corpus action. It is the injury alleged, and not the relief sought, that determines whether a claim is cognizable in habeas

corpus or should instead be brought as a civil action. Clayton-El v. Fisher, 96 F.3d 236, 242 (7th Cir. 1996). The injuries petitioner alleges are claims that must be brought in a civil action pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), against individuals who are alleged to be involved personally in depriving petitioner of his rights.

The Court of Appeals for the Seventh Circuit has given somewhat mixed signals regarding what district courts should do when a pro se prisoner mislabels his pleadings. In Copus v. City of Edgerton, 96 F.3d 1038, 1039 (7th Cir. 1996), the court stated: A "district court [is] not authorized to convert a § 1983 [or Bivens] action into a [habeas] action. . . . When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice." However, in Valona v. United States Parole Commission, 165 F.3d 508 (7th Cir. 1998), the court held that the district court had erred in refusing to convert a habeas corpus action into a mandamus action if that was how the suit should have been styled. The court wrote, "If Valona is entitled to a writ of mandamus, then the district court should have provided him that relief in the suit he has filed, rather than requiring him to start over." Id. at 510. See also Williams v. Wisconsin, 336 F.3d 576 (7th Cir. 2003) (considering merits of habeas corpus petition brought under § 1983).

One way that these cases can be reconciled is if they are interpreted not as setting forth rigid rules without exceptions but as general guidelines that should be followed when

2

the reasons for doing so are present. In Moran v. Sondalle, 218 F.3d 647, 649 (7th Cir. 2000), the court noted that "[p]risoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress." See also Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action).

In this case, petitioner may be attempting to avoid a number of limitations by filing his civil rights claims in a petition for a writ of habeas corpus. The filing fee for a Bivens action is $350 as opposed to $5 for an action brought under 28 U.S.C. § 2241. Further, the requirements for exhausting administrative remedies are much stricter in Bivens suits than in § 2241 actions. Compare Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000) (court must dismiss action for failure to exhaust administrative remedies once defendant raises the issue) with Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (court may waive exhaustion requirements in § 2241 cases in some circumstances).

Also, actions under Bivens are subject to the 1996 Prison Litigation Reform Act, whereas habeas corpus actions are not. Under the PLRA, the court must not only assess the plaintiff an initial partial payment of the $350 filing fee, 28 U.S.C. § 1915(a)(2), but must screen the plaintiff's complaint before it is served on the defendants and dismiss it promptly if is is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages from a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2), and then the court must collect the remaining portion of the filing fees from the plaintiff's

prison account even if his request for leave to proceed with his action is denied, 28 U.S.C. § 1915(b)(2). In addition, if a plaintiff's complaint is dismissed for one of the reasons listed above, he will earn "strikes" under the three-strikes provision, § 1915(g). Moreover, in this circuit, the Court of Appeals for the Seventh Circuit has ruled that a prisoner may not "dodge" the fee payment or three-strikes provisions in the PLRA by filing unrelated claims against different defendants in one lawsuit. Instead, this court is required to apply Fed. R. Civ. P. 20 and sever any claims against different defendants or sets of defendants that do not arise out of "the same transaction, occurrence, or series of transactions or occurrences" and do not involve a question of law or fact common to all of the defendants.

In sum, although I will not dismiss this case, I decline to convert petitioner's suit into a Bivens action until he has clarified his intentions. It is possible that petitioner purposely filed a habeas corpus action because he wishes to avoid the Prison Litigation Reform Act and its many provisions. Therefore, I will give petitioner until February 19, 2010, in which to inform the court in writing whether he wants this case to be treated as a Bivens action or as a petition for a writ of habeas corpus. If he wants to pursue a Bivens action, he must amend his complaint by adding to his caption those individual defendants that he thinks are responsible for the alleged constitutional violations. Petitioner should bear in mind that if he chooses to proceed under § 2241 or fails to respond to this order, I will promptly dismiss his case on the ground that he has not alleged facts entitling him to habeas corpus relief.

If petitioner chooses to proceed with a civil action under <u>Bivens</u>, he must submit a six-month trust fund account statement by February 23, 2010 to allow the court to determine what initial partial payment he would be required to pay under § 1915 or pay the remaining $345 he would owe on the filing fee for the <u>Bivens</u> action. Once petitioner has made an appropriate initial partial payment or paid the filing fee in full, I will proceed to screen the case pursuant to § 1915(e)(2).

One other point requires attention. Petitioner filed this case on December 29, 2009 and sought injunctive relief to stop the impending transfer shortly after that date. Dkt. #5. Unfortunately, petitioner has already been transferred to another prison, mooting that motion. However, if petitioner decides to pursue this case as a <u>Bivens</u> action, he may still pursue injunctive relief related to his safety concerns even after his transfer has been completed. If so, however, he must do more than simply state his desire for such relief. He must comply with the court's procedures for obtaining a preliminary injunction, a copy of which I have attached to this order. Under these procedures, petitioner must file with the court and serve on defendants proposed findings of fact supporting his claim, and submit with his proposed findings of fact any evidence he has to support his request for relief.

ORDER

IT IS ORDERED that

5

1. Petitioner may have until February 19, 2010, in which to inform the court whether he wishes this court to treat his pleadings in this case as a petition for a writ of habeas corpus under 28 U.S.C. § 2241 or as a complaint in a civil action under <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).

2. If, by February 19, 2010, petitioner fails to respond to this order, I will treat his action as a habeas corpus action and dismiss it for his failure to raise a claim cognizable in habeas corpus.

3. If, by February 19, 2010, petitioner states that he wishes to proceed with a civil action under <u>Bivens</u>, he must submit a six-month trust fund account statement by February 23, 2010 to allow the court to determine what initial partial payment petitioner would be required to pay under § 1915 or pay the remaining $345 of the filing fee. If petitioner fails to submit the required trust fund account or the remaining amount owed on the filing fee by February 23, 2010, the clerk of court is directed to close this case for petitioner's failure to prosecute.

4. Petitioner's motion to stay transfer, dkt. #5, is DENIED as moot.

Entered this 1st day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge